**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4163**

———————

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

         v.

ROBBIE JOSHUA CONVERSE,

                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge.  (3:08-cr-00116-JRS-1)

———————

Submitted: August 26, 2014         Decided:  September 9, 2014

———————

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Robert J. Wagner, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robbie Joshua Converse appeals the twenty-seven month sentence imposed upon revocation of his term of supervised release. On appeal, Converse argues that his sentence is plainly procedurally unreasonable because the district court failed to provide an adequate explanation for its chosen sentence.* The Government concedes that the district court's explanation was inadequate and that therefore the court erred, but argues that the error was harmless. We have fully considered the Government's contentions and are unable to conclude that the absence of any explanation whatsoever for the court's chosen sentence was harmless in this case. Accordingly, we vacate the judgment and remand for resentencing.

Procedural sentencing error, including a failure to adequately explain the chosen sentence, is subject to review for harmless error. Lynn, 592 F.3d at 576. "Under that standard, the government may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result," such that we "can say with fair assurance that the district court's explicit consideration of

---

* Converse preserved his challenge to the adequacy of the district court's explanation "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2012)] for a sentence different than the one ultimately imposed" by the district court. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

2

the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks and alterations omitted); see United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006) (noting that government bears burden to establish harmless error). Remand is appropriate when the absence of an explanation prevents us from "determin[ing] why the district court deemed the sentence it imposed appropriate" or "produce[s] a record insufficient to permit even . . . routine review for substantive reasonableness." Lynn, 592 F.3d at 582 (internal quotation marks omitted).

We find the Government's arguments unavailing. First, we conclude that the district court's adoption of the parties' requests for recommendations as to drug treatment and prison location did not satisfy the court's obligation to explain its chosen sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (acknowledging that "in some cases, a district court's reasons for imposing a within-range sentence may be clear from context," but concluding that "those other statements must actually relate to the imposed sentence, not some distinct, penological or administrative question"). Nor does the fact that the court made those recommendations mean that it also considered the parties' arguments for variant sentences.

3

Second, and contrary to the Government's suggestion, our precedents make clear that district courts are not exempted from the explanation requirement when they reject a motion for a variant sentence in favor of a sentence within the advisory policy statement range. Rather, the Government's and Converse's arguments "for imposing a different sentence than that set forth in the advisory Guidelines" established the court's duty to "address the part[ies'] arguments and explain why [it] has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Third, we reject the Government's contention that the lack of complexity of the parties' arguments and the apparent egregiousness of Converse's violations render the court's failure to offer any explanation at all for its chosen sentence harmless. Both parties thought Converse's circumstances sufficiently unique to urge upon the district court imposition of a variant sentence from the advisory policy statement range. Moreover, while the district court could have explained on the record that it had considered and rejected Converse's claims of sincere remorse and specifically found that his violations were egregious, it did not do so, and we decline to speculate on the reasons for the court's sentence. Id. at 329-30 ("[A]n appellate court may not guess at the district court's rationale.").

The district court's explanation of its revocation sentence need not have been extensive or exhaustive, but the omission of any statement of reasons for its actions cannot suffice. Accordingly, being mindful that a sufficient explanation is necessary "to promote the perception of fair sentencing" and "to allow for meaningful appellate review," Gall v. United States, 552 U.S. 38, 50 (2007), we vacate the judgment and remand for resentencing. In so ordering, of course, we express no view as to the substantive reasonableness of the vacated sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED